FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 0 8 2011

JAMES N. HATTEN, Clerk

By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

Case No. _____-Civ-_____

---

FEDERAL MARITIME COMMISSION,

       Plaintiff,

vs.

INDIGO LOGISTICS, LLC, LILIYA
IVANENKO, AND LEONID
IVANENKO,

       Defendants.

---

1 11·CV-1134

TCB

## COMPLAINT FOR INJUNCTIVE RELIEF

The Federal Maritime Commission (Commission) brings this action, pursuant to the Shipping Act of 1984 (Shipping Act), 46 U.S.C. § 41307(a), for a preliminary injunction against conduct by Defendants in violation of the Shipping Act, pending the completion of an ongoing FMC administrative proceeding against Defendants.

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is invoked pursuant to the Shipping Act, 46 U.S.C. § 41307 (a) and (d), and 28 U.S.C. §§ 1331, 1337(a) and 1345.

2. Defendant Indigo Logistics, LLC, transacts business in the Northern District of Georgia.  Defendants Liliya Ivanenko and Leonid Ivanenko reside in the Northern District of Georgia.  Venue is proper in this district pursuant to the Shipping Act, 46 U.S.C. § 41307(a), and 28 U.S.C. § 1391(b) and (c).

## THE PARTIES

3. Plaintiff Federal Maritime Commission is an independent regulatory agency of the United States and is charged with the administration of the Shipping Act, 46 U.S.C. § 40101 et seq. The Commission is responsible for the regulation of oceanborne transportation in the foreign commerce of the United States pursuant to, inter alia, the Shipping Act.  Such transportation mostly involves the shipment of goods in containers.

4. Defendant Indigo Logistics, LLC (Indigo) is a Georgia corporation.  It maintains an office and warehouse facility at 5255 Bucknell Drive, Atlanta, GA 30336 and an additional office and warehouse facility at 2601 Seaboard Coastline Drive, Savannah, GA 31415.  The records maintained by the Secretary of State of Georgia identify Indigo's company address as 515 Bourne Avenue, Savannah, Georgia 31408.

5. On information and belief, Defendant Liliya Ivanenko resides at 130 Stoney Ridge Dr., Alpharetta, Georgia, and is the President and sole owner of Indigo Logistics, LLC.

6. On information and belief, Defendant Leonid Ivanenko resides at 3672 Post Oak Tritt Road, Marietta, Georgia, 30062, represents himself as the President of Indigo with the authority to act on its behalf, is in charge of the day-to-day operation of Indigo Logistics, LLC and is personally involved in making ocean transportation arrangements for its customers.

## STATUTORY BACKGROUND

7. The Shipping Act vests in the Commission jurisdiction over ocean transportation intermediaries providing ocean transportation services in the United States. The Act requires that all ocean transportation intermediaries be licensed by the Commission and demonstrate their financial responsibility by filing proof of a bond, insurance or other surety with the Commission. 46 U.S.C. § 40901(a); 46 C.F.R. § 515.3 (2010) (promulgated Mar. 8, 1999); 46 U.S.C. § 40901(b); 46 C.F.R. § 515.21(a)(2) (2010) (promulgated Mar. 8, 1999). An ocean transportation intermediary (OTI) is classified as either a non-vessel-operating common carrier (NVOCC) or an ocean freight forwarder (OFF).

8. An NVOCC is a common carrier that does not operate the vessels by which the ocean transportation is provided and is a shipper in its relationship with an ocean common carrier. 46 U.S.C. § 40102(16); 46 C.F.R. § 515.2(o)(2) (2010) (promulgated Mar. 8, 1999). The Commission's regulations describe NVOCC services as including, but not limited to, purchasing transportation services from a VOCC and offering such services for resale to other persons; payment of port-to-port or multimodal transportation charges; issuing bills of lading or equivalent documents; arranging for inland transportation and paying for inland freight charges on through transportation movements; and entering into arrangements with origin or destination agents. 46 C.F.R. § 515.2(l) (2010) (promulgated Mar. 8, 1999).

9. An OFF is a person in the United States that dispatches shipments from the United States via a common carrier; books shipments on behalf of shippers; and processes the documentation or performs other activities incident to those shipments. 46 U.S.C. § 40102(18); 46 C.F.R. § 515.2(o)(1) (2010) (promulgated Mar. 8, 1999). The Commission's regulations describe OFF services as including, but not limited to, dispatching shipments on behalf of others in order to facilitate shipment by common carrier; ordering cargo to port; preparing and/or processing export declarations; booking, arranging for

or confirming cargo space; preparing or processing delivery orders or dock receipts; clearing shipments in accordance with U.S. export regulations; handling freight or other monies advanced by shippers, and coordinating the movement of shipments from origin to vessel. 46 C.F.R. § 515.2(i) (2010) (promulgated Mar. 8, 1999).

10. OFFs generally make arrangements for the shipment of their client's goods via either an NVOCC or a vessel-operating common carrier.

11. OTIs, whether they are NVOCCs or OFFs, are required to hold a valid license issued by the Commission. 46 U.S.C. § 40901(a); 46 C.F.R. § 515.3 (2010) (promulgated Mar. 8, 1999). Only those OTIs found by the Commission "to be qualified by experience and character" receive Commission licenses and may act as OTIs. 46 U.S.C. § 40901(a). OTIs are also required to demonstrate their financial responsibility by filing proof of a bond, insurance or other surety with the Commission. 46 U.S.C. § 40901(b); 46 C.F.R. § 515.21(a)(2) (2010) (promulgated Mar. 8, 1999). The bond, insurance or other surety covers the transportation-related activities of an OTI. 46 C.F.R. § 515.21 (2010) (promulgated Mar. 8, 1999). An OTI operating as an OFF in the United States must provide evidence of financial responsibility in the amount of $50,000. 46 C.F.R. § 515.21(a)(1) (2010)

(promulgated Mar. 8, 1999). OTI's generally furnish proof of responsibility to the Commission via bonds (as such, references to financial responsibility requirements will be referred to alternately as either "financial responsibility" or "bonds").

12. It is unlawful to act as an OTI without having a license issued by the Commission. 46 U.S.C. § 40901(a).

13. It is likewise unlawful to act as an OTI without having proof of financial responsibility filed with the Commission. 46 U.S.C. § 40902(a).

14. The Commission has broad powers to investigate apparent violations of the Shipping Act, to conduct appropriate proceedings, to issue orders, including cease and desist orders, and to assess civil penalties (as adjusted by 46 C.F.R. Part 506). 46 U.S.C. §§ 41301-41308

15. The maximum penalty for a violation of the Shipping Act and/or Commission regulation is $8,000, unless the violation is knowing and willful, in which case, the maximum penalty is $40,000. 46 U.S.C. § 41109; 46 C.F.R. Part 506 (2010) (promulgated Mar. 8, 1999). Each day of a continuing violation constitutes a separate offense. 46 C.F.R. § 515.1(b) (2010) (promulgated Mar. 8, 1999).

16. In connection with an investigation under 46 U.SC. §§ 41301 or 41302, the Commission is authorized by 46 U.S.C. § 41307 to bring a civil action to enjoin conduct in violation of the Shipping Act. The action must be brought in the district court of the United States for any judicial district in which the defendant resides or transacts business. 46 U.S.C. § 41307(a).

17. After notice to the Defendant, and a showing that the standards for granting injunctive relief by courts of equity are met, the court may grant a preliminary injunction during the duration of the Commission's investigation and for up to 10 days after the Commission has issued an order disposing of the issues under investigation. 46 U.S.C. § 41307(a). The Commission may represent itself in district court proceedings under 46 U.S.C. § 41307 upon notice to the Attorney General. 46 U.S.C. § 41307(d).

## FACTUAL ALLEGATIONS

18. None of the Defendants possesses a Commission license to operate as an OFF or as an NVOCC nor have any of the Defendants provided proof of financial responsibility to the Commission. According to records maintained by the Commission's Bureau of Certification and Licensing, Indigo filed an application for a license as both an OFF and an NVOCC in July 2008, but voluntarily withdrew the application in October 2009, prior to

any disposition by the Commission, after being informed by Commission staff that its application did not meet the Commission's licensing standards. Indigo was advised by staff from the Commission's Bureau of Certification and Licensing on several occasions of the prohibitions in the Shipping Act and the Commission's regulations against acting as an OTI without a license and the possibility of the imposition of penalties. As of this date, Indigo has not reapplied for a Commission license.

19. The Commission's preliminary investigation indicates that Indigo, through the actions of the individuals named Defendants, is advertising and has been providing services as an OFF since at least 2008. Specifically, it appears that Indigo books shipments with licensed NVOCCs for transportation by ocean carrier from places in the United States to foreign destinations on behalf of its customers, prepares and processes documents in connection with those shipments, represents itself on shipment documents as the forwarding agent, clears shipments with Customs for export, arranges for inland transportation of shipments to port, and assumes responsibility for payment of ocean freight charges to the NVOCCs with whom it books shipments.

20. Defendant Indigo's website, www.indigoshipping.com, has offered, among

other things, to provide ocean freight and cargo shipping, specializing "in the handling of less than container load (LCL) and full container load (FCL) to destinations all over the world" and offering "the most competitive ocean freight rates to all destinations." Defendant Indigo's website described itself as "an international freight shipping company" that "specializes in providing expert international ocean freight forwarding services to companies large and small" and also provides "excellent service to individual needs."

21. Indigo maintained another website at www.indigologistics.us. That website advertised Indigo's specialty in arranging ocean transportation of motor vehicles to anywhere in the world in containers or in roll on/roll off service and offers free quotations on request. Indigo also advertised by direct mail and has sent advertisements to Commission staff advising of its new location in Savannah, Ga., its export and ocean freight services, and its special container rates from United States ports to locations in Nigeria, Ghana, the United Arab Emirates, Saudi Arabia, Germany and Finland.

22. Indigo's day-to-day operations are conducted by, and under the direct supervision of Defendant Leonid Ivanenko, who identifies himself on company documents as its President.

23. According to evidence obtained by Commission investigators from a

licensed NVOCC with whom Indigo booked shipments on behalf of its customers, between 2008 and May, 2010, Indigo booked 62 ocean container shipments and 5 roll-on/roll-off shipments from origins in the United States to foreign destinations.  The shipments were subsequently transported by ocean common carriers who contracted with the licensed NVOCC from the ports of Savannah, GA; Charleston, SC; Houston, TX; and Jacksonville, FL to such destinations as Tin Can Island, Nigeria; Tema, Ghana; Douala, Cameroon; Abidjan, Ivory Coast; Monrovia, Liberia; and Luanda, Angola. According to documents provided by this NVOCC, Indigo prepared and provided the shipping documents for each shipment, including the booking request, manifest information, dock receipt, customs-cleared title for the vehicles being shipped and issued drain and disconnect letters for vehicles shipped.  Export documents prepared by Indigo and filed with the United States Customs and Border Protection Service (CBP) identify it as the shipper/forwarder.  The NVOCC issued house bills of lading to Indigo and invoiced Indigo for ocean freight, bunker (fuel) and any additional charges applicable to the specific port of destination and those charges were paid by Indigo.

24. Another licensed NVOCC provided Commission investigators with

information showing that between September, 2008, and February, 2010, Indigo booked and shipped approximately 170 ocean cargo shipments of automobiles, used household goods, boats and motorcycles from the Atlanta, Georgia area to destinations in the United Arab Emirates, Germany, Belgium, Nigeria, El Salvador, Ghana, and Iraq.

25. Additional information obtained by Commission investigators indicates that Indigo has most recently been booking and shipping through two NVOCCs located in the New York area.   Documents obtained from these two NVOCCs indicates that Indigo booked and shipped 29 shipments of personal effects and used automobiles, primarily to Africa, during the period December, 2010 through March 18, 2011. The shipping documents obtained by Commission investigators from these NVOCCs include booking requests and booking confirmations, invoices for freight and related charges, cover sheets from Indigo to United States Customs offices enclosing dock receipts and vehicle title for outbound ocean shipments, dock receipts prepared by Indigo for the shipper and bills issued by the NVOCC based on information furnished by Indigo.

26. The Commission, in response to Defendants' apparent unlawful continuing activities in the field of international maritime commerce, recently instituted

Docket No. 11-06, Indigo Logistics, LLC; Liliya Ivanenko; and Leonid Ivanenko - Possible Violations of Section 19 of the Shipping Act of 1984 and the Commission's Regulations at 46 C.F.R. Part 515 (Docket No. 11-06), an investigation directed at determining whether Defendants, inter alia, have violated the Shipping Act by acting as an ocean freight forwarder without a license or bond on file with the FMC.

27. The Commission's Order of Investigation and Hearing in Docket No. 11-06 has been served upon Defendants in accordance with Commission regulations.

28. If Defendants are found in violation of the Shipping Act in the Commission Investigation, then the Commission will determine whether the Commission should assess civil penalties and/or issue cease and desist orders against any of the Defendants.  However, in light of Defendants' continuing operations, immediate injunctive relief is necessary to prevent further irreparable injury to the shipping public, and to protect the integrity and credibility of the Commission's enforcement program.  If Defendants continue to operate unlawfully, shippers will be deprived of the statutory protections provided by the Shipping Act, including the licensing requirement, which ensures that those offering OTI services have the appropriate experience and character,

and the financial responsibility requirement, which provides a source for compensation in the event a judgment is rendered against OTIs like Defendants for Shipping Act violations resulting in injury. Continued perpetration of Shipping Act violations by Defendants would undermine the protective provisions of the Shipping Act, and could harm innocent shippers.

29. The allegations contained in this Complaint constitute cause for granting injunctive relief by courts of equity, and accordingly, this Court may issue, after notice, a preliminary injunction, pursuant to 46 U.S.C. § 41307, enjoining conduct in violation of the Shipping Act.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Federal Maritime Commission respectfully requests that this Court:

(1)  Issue a preliminary injunction pursuant to 46 U.S.C. § 41307, ordering Defendants Indigo Logistics, LLC, its officers, agents, employees, attorneys, successors, and all those in active concert or participation with them who receive actual notice of this order; and, individually, Liliya Ivanenko and Leonid Ivanenko, to refrain immediately, until 10 days after a final order is issued in Federal Maritime Commission Docket No. 11-06, Indigo Logistics, LLC; Liliya Ivanenko; and Leonid Ivanenko - Possible Violations of Section 19 of the Shipping Act of 1984 and the Commission's Regulations at 46 C.F.R. Part 515, from acting and operating as an ocean transportation intermediary without a valid Commission ocean freight forwarder license and without furnishing a bond, proof of insurance or other surety in the amount of $50,000;

(2)   Award such other or further relief as the Court may deem just and proper.

Respectfully submitted,


Rebecca A. Fenneman
General Counsel
Federal Maritime Commission


*Elisa P Holland*
Elisa P. Holland
Attorney Advisor
Laura D. Mayberry
Attorney-Advisor
Office of the General Counsel
Federal Maritime Commission
800 North Capitol Street, NW
Washington, D.C.   20573
Telephone : (202) 523-5740
Facsimile: (202) 523-5738
E-mail: eholland@fmc.gov
          lmayberry@fmc.gov

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY


DANIEL A. CALDWELL
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 102510

600 Richard B. Russell Federal Bldg.
75 Spring Street, S.W.
Atlanta, Georgia 30303

Telephone: (404) 581-6224
Facsimile: (404) 581-6181
E-mail: Dan.Caldwell@usdoj.gov

16